FILED
2022 Jun-15  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

| | | |
|---|---|---|
| GERMAN NAJERA, an individual and FREYMIN CORDON, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CV: _____ |
| WARREN WIRT, an individual, WFGC, INC. d/b/a WARREN FAMILY GARDEN CENTER & NURSERY, a domestic corporation; R&W TIRE CITY, INC., d/b/a EAST LAKE TIRE CENTER, a domestic corporation; WW HOUSE-O-TIRES, INC., A CLOSE CORPORATION, d/b/a W.W. DISCOUNT TIRES, a domestic corporation; SIXTH AVENUE TIRE CENTER, a domestic corporation; WW PREMIER TIRE SHOP, INC, a domestic corporation; and WIRT, INC., d/b/a WARREN TIRE COMPANY, a domestic corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

## <u>INTRODUCTION</u>

This is the second filed lawsuit against these defendants within three years for violations to the Fair Labor Standards Act ("FLSA"). Less than two years ago a case alleging violations to the FLSA resolved against Warren Wirt and the five (5) tire shops named in this lawsuit.

1

## JURISDICTION

1.   This action is filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq*. The Plaintiffs seek payment for unpaid wages, overtime worked, and liquidated damages that they were deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiffs further seek reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

2.   Original jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

## PARTIES & VENUE

3.   Plaintiff **GERMAN NAJERA** ("Najera") is over the age of nineteen (19) and is a citizen of Alabama, residing in Birmingham, Alabama, within the Northern District of Alabama.

4.   Najera is a former employee of the Defendants and performed work for the Defendants in the counties comprising the Northern District of Alabama during the events of this case.

5.   Najera was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies within the Northern District, Southern Division.

6.  Plaintiff **FREYMIN CORDON** ("Cordon") is over the age of nineteen (19) and is a citizen of Alabama, residing in Birmingham, Alabama, within the Northern District of Alabama.

7.  Cordon is a former employee of the Defendants and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case.

8.  Cordon was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies within the Northern District, Southern Division.

9.  Najera and Cordon are collectively referred to as throughout this complaint as "Plaintiffs."

10. Defendant **WARREN WIRT** ("Wirt") is an individual over the age of nineteen (19) who is the owner and operator of the domestic corporations and/or businesses, which are the other defendants to this lawsuit, and lives within the Northern District of Alabama.

11. Wirt is a citizen and resident of Springville, St. Clair County, Alabama.

12. Wirt supervised the day-to-day operations of the Defendant Corporations, including setting all pay practices and FLSA policies related to the day-to-day operation of the business, such that he is an employer as defined by the FLSA.

13. Defendant **WFGC, INC d/b/a WARREN FAMILY GARDEN CENTER & NURSERY** ("Warren Family Garden") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

14.   Warren Family Garden operates a garden center located at 1009 Old Leeds Grove Road, Leeds Alabama, 35094.

15.   Warren Family Garden is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

16.   Wirt is the owner of Warren Family Garden.

17.   Defendant **R&W TIRE CITY, INC., d/b/a EAST LAKE TIRE CENTER** ("East Lake Tire") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

18.   Defendant East Lake Tire operates a tire shop located at 6707 First Avenue North, Birmingham, Alabama, 35206.

19.   East Lake Tire is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

20.   Wirt is the owner of East Lake Tire.

21.   Defendant **WW HOUSE-O-TIRES, INC., A CLOSE CORPORATION, d/b/a W.W.'S DISCOUNT TIRES** ("Discount Tires") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

22.   Discount Tires operates a tire shop located at 420 Third Avenue West, Birmingham, Alabama, 35204.

4

23. Discount Tires is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

24. Wirt is the owner of Discount Tires.

25. Defendant **SIXTH AVENUE TIRE CENTER, INC., d/b/a 6th AVENUE TIRE CENTER** ("6th Avenue Tire") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

26. 6th Avenue Tire operates a tire shop located at 309 6th Avenue Southwest, Birmingham, Alabama, 35211.

27. 6th Avenue Tire is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

28. Wirt is the owner of 6th Avenue Tire.

29. Defendant **WW PREMIER TIRE SHOP, INC., d/b/a WW'S PREMIERE TIRE SHOP** ("Premiere Tire") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

30. Premiere Tire operates a tire shop located at 2831 9th Avenue North, Bessemer, Alabama, 35020.

31. Premiere Tire is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

32. Wirt is the owner of Premiere Tire.

33.     Defendant **WIRT, INC., d/b/a WARREN TIRE COMPANY** ("Warren Tire") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

34.     Warren Tire operates a tire shop located at 1512 Bessemer Road, Birmingham, Alabama, 35208.

35.     Warren Tire is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

36.     Wirt is the owner of Warren Tire.

37.     East Lake Tire, Discount Tires, 6th Avenue Tire, Premiere Tire and Warren Tire are all collectively referred throughout to this complaint as "Tire Shop Defendants"

38.     Warren Family Garden and the Tire Shop Defendants are all collectively referred to throughout this complaint as "Tire Shops & Nursery."

39.     Wirt and the Tire Shops & Nursery are all collectively referred to throughout this complaint as "Defendants".

40.     Defendants are an Integrated Enterprise for purpose of the FLSA.

41.     Defendants and Plaintiffs are collectively referred to throughout this complaint, as "Parties".

42.     Venue in this Court is proper pursuant to 28 U.S.C. section 1391(b).

43.     The facts set forth in this Complaint arose in, and a substantial portion of the acts and omission leading up to this litigation occurred in this District.

## FACTUAL ALLEGATIONS

44. During the course of their employment, the Plaintiffs were entitled to the full protection of the FLSA.

45. The Plaintiffs were hourly employees of the Defendants.

46. The Plaintiffs were entitled to overtime pay.

47. At all times during the employment relationship, Defendants classified the Plaintiffs as non-exempt employees.

48. The Plaintiffs were not managers and did not supervise any employees as part of their job duties.

49. The Plaintiffs did not have the authority to hire employees for the benefit of the Defendants.

50. The Plaintiffs did not have authority to terminate the employment of other employees for the benefit of the Defendants.

51. The Plaintiffs labor performed for the benefit of the Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

### German Najera

52. Defendants hired Najera in or about February 2019.

53. Defendants did not required Najera to fill an application for employment.

54. Defendants did not require Najera to fill out an USCIS Form I-9.

55. Defendants did not comply with the Besson-Hammon Alabama Taxpayer and Citizen Protection Act when they hired Najera.

56.   Defendants originally assigned Najera to the East Lake Tire location, on or about February 2019.

57.   Defendants and Najera never discussed an hourly rate.

58.   Defendants set Najera's pay rate to $530.00 per week while at East Lake Tire.

59.   Defendants paid Najera with both checks and cash.

60.   While at East Lake Tire, Defendants paid Najera a check for $360.00, less withholdings.

61.   While at East Lake Tire, Defendants paid Najera an additional $170 in cash.

62.   On or about February 2021, Defendants reassigned Najera to the Discount Tires location.

63.   While at Discount Tires, Defendants paid Najera a check for $360.00, less withholdings.

64.   While at Discount Tires, Defendants paid Najera an additional $225 in cash.

65.   On or about February 28, 2022, Defendants reassigned Najera to the Warren Family Garden location.

66.   While at Warren Family Garden, Defendants paid Najera $630.00 in cash, without making deductions.

67.   When Najera relocated to a different location, he did not fill out a new application for employment or fill out any paperwork.

68.   While employed with the two different tire shops, Najera maintained the same pay rate for some time.

69.   While employed with the two different tire shops was supervised by the same person, Timothy Allen Bennett.

70.   While employed with the two different tire shops, Najera performed the same duties.

71.   When Najera relocated from East Lake Tire to Discount Tires, he did not receive any new or additional training on how to perform his work or duties.

72.   While at East Lake Tire and Discount Tires, defendants employed Najera as a mechanic, which included repairing, painting, stocking, changing and balancing tires.

73.   While at Warren Family Garden, Najera was a laborer, mainly unloading, pricing, stocking, loading, and moving plants.

74.   Najera was terminated on April 26, 2022.

75.   Defendants did not pay Najera for his last two days of work, Monday April 25, 2022, and Tuesday, April 26, 2022.

76.   During the three years preceding the filing of this Complaint, Najera worked over forty hours in a work week.

77.  Defendants regularly schedule Najera to work as follows:

| Day of Week | Start Time | End Time | Hours/Day (Less 30 mins. lunch) |
|---|---|---|---|
| Sunday | Off | Off | 0 |
| Monday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Tuesday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Wednesday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Thursday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Friday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Saturday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| **Total Weekly Hours** | | | **57 hours per week** |

78.  Najera's breaks or lunch was irregular, inconsistent, and average less than 30 minutes per day.

79.  Defendants did not render Najera additional compensation in any manner, including overtime premium pay of one and one-half Najera's regular hourly rate, for hours worked in excess of forty during the workweek.

80.  Defendants did not provide Najera fringe benefits, including health insurance.

81.  Defendants did not maintain a seven-day workweek for purpose of calculating overtime compensation or otherwise did not inform Najera when the seven-day workweek commenced or ended for purposes of calculating overtime compensation.

82.  Defendants never issued Najera an IRS Form W-2 for the 2022, 2021, 2020, or 2019 tax years.

83.  Defendants never issued Najera an IRS Form 1099-MISC for the 2022, 2021, 2020, or 2019 tax years.

**Freymin Cordon**

84.   Defendants hired Cordon in or about the year 2015.

85.   Defendants did not required Cordon to fill an application for employment.

86.   Defendants did not require Cordon to fill out an USCIS Form I-9.

87.   Defendants did not comply with the Besson-Hammon Alabama Taxpayer and Citizen Protection Act when they hired Najera.

88.   Defendant hired Cordon to work at Warren Family Garden.

89.   Defendants and Najera never discussed an hourly rate.

90.   Upon hiring Cordon, Defendants set Cordon's pay rate to $700.00 per week.

91.   On or about April 11, 2022, Defendants raised Cordon's pay rate to $800.00 per week.

92.   Defendants paid Cordon in cash.

93.   Defendants never withheld taxes or otherwise deducted from his pay.

94.   While at Warren Family Garden, Cordon was a laborer, mainly unloading, pricing, stocking, loading, and moving plants.

95.   During the three years preceding the filing of this Complaint, Cordon worked over forty hours in a work week.

96.   Defendants regularly schedule Cordon to work as follows:

| Day of Week | Start Time | End Time | Hours per Day (Less 30 mins. lunch) |
|---|---|---|---|
| Sunday | Off | Off | 0 |
| Monday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Tuesday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Wednesday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Thursday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Friday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| Saturday | 8:00 a.m. | 6:00 p.m. | 9.5 hours |
| **Total Weekly Hours** | | | **57 hours per week** |

97.   Cordon's breaks or lunch was irregular, inconsistent, and average less than 30 minutes per day.

98.   Cordon ended his employment with Defendants on April 26, 2022.

99.   Defendants did not pay Cordon for his last two days of work, Monday April 25, 2022, and Tuesday, April 26, 2022.

100.  Defendants did not render Cordon additional compensation in any manner, including overtime premium pay of one and one-half Cordon's regular hourly rate, for hours worked in excess of forty during the workweek.

101.  Defendants did not provide Cordon fringe benefits, including health insurance.

102.  Defendants did not maintain a seven-day workweek for purpose of calculating overtime compensation or otherwise did not inform Cordon when the seven-day workweek commenced or ended for purposes of calculating overtime compensation.

103.  Defendants never issued Cordon an IRS Form W-2 for the 2022, 2021, 2020, or 2019 tax years.

104.   Defendants never issued Cordon an IRS Form 1099-MISC for the 2022, 2021, 2020, or 2019 tax years.

### Defendants

105.   Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not otherwise exempt from the requirements of this Act.

106.   Defendants provided all the tools, equipment, and materials necessary for the Plaintiffs to do perform their duties.

107.   Defendants provided instructions, directions, training, and supervision to the Plaintiffs.

108.   Defendants did not maintain records documenting the precise hours Plaintiffs work for Defendants.

109.   Defendants did not maintain records documenting the beginning and ending of the Plaintiffs' shifts.

110.   Defendants did not use a time clock to keep up with the Plaintiffs' worked hours.

111.   There were days that Plaintiffs worked beyond 6:00 p.m. due to the workload or having to assist customers.

112.   Defendants did not maintain records for the days when Plaintiffs missed work.

113.   Defendants did not maintain payroll records.

114. Defendants have a duty to maintain certain records under 29 U.S.C. § 211(c) and the appropriate regulations, and the Plaintiffs intend to rely upon these records to demonstrate their damages in this case.

115. Defendants provided non-Hispanic employees fringe benefits, including health insurance.

116. All Defendants combined form an Integrated Enterprise for purposes of FLSA.

**Wirt**

117. Wirt owns, controls, operates and/or manages the named business Defendants and/or the Enterprise.

118. Wirt is liable to the Plaintiffs pursuant to the FLSA by virtue of having sole discretion and authority in directing, controlling, managing, and supervising the Plaintiffs' schedule, work and pay.

119. Wirt is responsible and has oversight for implementing work schedules, work duties, pay rates and the procedures for paying overtime to employees.

120. Wirt being the owner, member, director, officer, manager and/or supervisor has actual and/or constructive knowledge of the employees, like the Plaintiffs, who do not get paid overtime.

121. Wirt, being the owner, member, director, officer and/or manager, conspired with and had control over supervisors, bookkeepers, accountants, and others who conspired in the scheme to not pay overtime and properly maintain documents that detail the hours worked by the Plaintiffs.

122. Wirt controls the cash payments to employees.

## Interstate Commerce

123. Defendants are engaged in the business of tire repair, tire services, and selling and growing plants located within the Northern District of Alabama and are engaged in interstate commerce for the purposes of the FLSA.

124. The Tire Shop Defendants purchase new and used tires from states outside Alabama.

125. The Tire Shop Defendants use credit card machines to conduct business, which affects interstate commerce.

126. The Tire Shop Defendants use computers to conduct business, which affects interstate commerce.

127. The Tire Shop Defendants use telephone systems to conduct business, which affects interstate commerce.

128. The Tire Shop Defendants use the banking system to make deposits, write checks, make money transfers, and obtain financing.

129. Warren Family Garden receives plants, flowers, bushes, trees, and gardening supplies from out of state, which affects interstate commerce.

130. Warren Family Garden uses credit card machines, computers, telephone systems and the banking system to conduct business, which affects interstate commerce.

## Integrated Enterprise

131. The Tire Shop Defendants share the same owner, Warren Wirt.

132. The Tire Shop Defendants share the same supervisor, Timothy Bennett.

133. The Tire Shop Defendants share the same bookkeeper.

134. The Tire Shop Defendants share the same accountant.

135. The Tire Shop Defendants share the same lawyer.

136. The Tire Shop Defendants share the same insurance agent and carrier.

137. The Tire Shop Defendants share the same color scheme for all their store locations.

138. The Tire Shop Defendants buy tires in one or more locations and divide them between the different tire shops the Enterprise operates

139. The Tire Shop Defendants share the same tire suppliers and recycling company.

140. The Tire Shop Defendants swap employees between stores depending on needs.

141. The Tire Shop Defendants share the same pay scheme.

142. The Tire Shop Defendants and Warren Family Garden share the same owner.

143. The Tire Shop Defendants and Warren Family Garden share the same bookkeeper, accountant and lawyer, insurance agent and carrier.

144. The Tire Shop Defendants and Warren Family Garden swap employees between stores depending on needs.

145. The Tire Shop Defendants and Warren Family Garden share the same pay scheme.

146. The personnel files for all Defendants are kept in the same location.

147.   The Defendants performed the Integrated Enterprise related activities through common control by a person or persons for a common business purpose.

148.   The Defendants performed the Enterprise related activities through unified operation.

149.   Wirt, as the owner of all Enterprise related entities, controlls the related activities through that network.

## Yearly Revenue

150.   The Tire Shop Defendants conduct a large and/or significant amount of their sales in cash.

151.   Wirt uses the cash to pay his employees.

152.   Each location of the Tire Shop Defendants has yearly revenues that exceed $500,000.00 in sales.

153.   The Tire Shop Defendants combined clearly exceed $500,000.00 in sales revenue each year.

154.   Warren Family Garden grosses over $500,000.00 in revenue per year.

155.   The combined revenue for all Defendants exceeds $500,000 per year.

## Willfulness

156.   Wirt is a sophisticated and experienced businessman.

157.   Wirt is aware of his requirements related to minimum wage and overtime laws.

158.   Wirt had notice of the FLSA labor requirements in part, through a prior FLSA lawsuit *Geovany Morales v. Sixth Avenue Tire, et. al.*, In the Northern District of Alabama, 2:19-cv-00440-SGC.

159.   Defendants, having been sued for violating the FLSA within the last three years, have actual knowledge of their duty to pay overtime under FLSA.

160.   Defendants knowingly and willfully have continued to deprive their employees of overtime pay under FLSA.

## COUNT ONE
## (FLSA OVERTIME VIOLATION)

161.   Plaintiffs hereby incorporate by reference each of the allegation contained in paragraphs 50-167, above.

162.   During the three years preceding the filing of this Complaint, Defendants was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

163.   During the three years preceding the filing of this Complaint, Defendants have been a company wherein two or more employees, including the Plaintiffs, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

164.   The Integrated Enterprise's gross annual volume of revenue on a rolling yearly basis exceeds $500,000.

165.   Defendants failed to compensate the Plaintiffs at the premium overtime rate required for all hours worked above forty (40) in a workweek.

166.    Defendants failed to properly document and keep all hours worked by the Plaintiffs.

167.    Defendants' failure to comply with the law was willful.

168.    Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. section 207.

**WHEEFORE, PREMISES CONSIDERED**, the Plaintiffs request this Court enter judgment in favor of Plaintiffs and against the Defendants for the following relief:

a.    All amounts of overtime wages that the Plaintiffs should have received under the Fair Labor Standards Act but for the Defendants' violations of the rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b); and,

b.    A finding that Defendants willfully violated the Fair Labor Standards Act.

c.    All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b).

d.    For such other and further relief as this Court deems equitable, proper and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

**DATED: June 14, 2022.**

Respectfully Submitted,


_Jason L. Yearout_
Jason L. Yearout (ASB-4487-t80j)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

_Brenden L. Smith_
Brenden L. Smith (ASB-1984-h69s)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7850
e. bsmith@rubiofirm.com

**THE PLAINTIFFS WILL SERVE THE DEFENDANTS BY PROCESS SERVER**

| | |
|---|---|
| **Warren Wirt**<br>2750 AL Highway 23<br>Springville, Al 35146-5187 | |
| | |
| **WFGC, Inc.**<br>**d/b/a Warren Family Garden**<br>2750 Alabama Hwy 23<br>Springville, Al 35146-5187 | **R&W Tire City, Inc.**<br>**d/b/a East Lake Tire Center**<br>6707 First Avenue North<br>Birmingham, Alabama, 35208 |
| | |
| **WW House-O-Tires, Inc.**<br>**d/b/a W.W. Discount Tires**<br>420 Third Avenue West<br>Birmingham, Alabama, 35204 | **Sixth Avenue Tire Center, Inc.**<br>**d/b/a 6th Avenue Tire**<br>309 Sixth Avenue Southwest<br>Bessemer, Alabama, 35206 |
| | |
| **WW Premier Tire Shop, Inc.**<br>**d/b/a Premiere Tire**<br>2831 Ninth Avenue North<br>Bessemer, Alabama, 35020 | **Wirt, Inc.**<br>**d/b/a Warren Tire Company**<br>1512 Bessemer Road<br>Birmingham, Alabama 35208 |